UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. LANIER, SR.,

    Plaintiff,   Case No: 11-14780
                                  Honorable Victoria A. Roberts

vs

SYNCREON HOLDINGS LTD., ET AL,

    Defendants.
    _____/

**ORDER REGARDING DISCOVERY ISSUES**

On Wednesday, July 31, 2013, the Court held a telephone conference on outstanding discovery matters. Attending were Cynthia Kernick, Thomas Pohl and David Fawcett representing the Plaintiff; Jason Hazelwood representing non-party Mr. Mahone; and, John Benko, Tim Lowe and Kenneth Pocius representing the Defendants.

Based on the discussion held, the following is ordered:

    1.    **Plaintiffs's Motion to Strike certain names from Defendants' Second Amended Preliminary Fact Witness List** (Doc. 58).

This Motion is **DENIED**. Defendants are allowed to amend their witness list to add the names of Glenn Mahone, Dodi Walker Gross, Mark Gambill, Reggie Fowler and Govin Ranganathan. Plaintiffs is allowed to amend his witness list as well, to add the names of a corporate representative from Chrysler, and 1 -2 corporate representatives of Defendants as well as Mr. Ranganathan.

    2.    **Motion to Quash Subpoena Directed to Glenn Mahone.**

This motion was properly filed in the Western District of Pennsylvania. While it

1

was ruled on in part by the federal court there, the judge directed the parties to ask this Court to rule on the scope of Mr. Mahone's deposition. The Court finds that Mr. Mahone, former attorney to Mr. Lanier, can be deposed on matters not protected by his attorney-client relationship with Mr. Lanier.

3. **Plaintiff's Motion to Compel Deposition Testimony and for Sanctions** (Doc 59).

Plaintiff's request to re-depose Hans Van der Muelen and Michael Neumann is **DENIED WITHOUT PREJUDICE**. Instead, Plaintiff will be allowed to depose Syncreon's Chief Financial Officer, Carine Van Landschoot. This deposition will take place in Michigan, in August, 2013. Before the deposition occurs, however, Plaintiff is to provide Defendants with a detailed list of specific documents he believes Defendants have failed to produce in readable form. Defendants must provide these documents if the parties are otherwise unable to agree that the documents have already been produced.

After Ms. Van Landschoot has been deposed, Plaintiff may renew his request in a letter to the Court, that it is necessary for him to re-depose Messrs. Van der Muelen and Neumann.

Plaintiff's request for sanctions is **DENIED**.

4. **Re-deposition of Mr. Lanier**.

Mr. Lanier can be re-deposed for up to 1 ½ hours. Among others, he is required to answer questions concerning his allegations of fraud. Mr. Lanier is entitled to have in front of him at deposition, any document that counsel questions him on.

5.   **Defendant's Protective Order**.

Defendants are allowed to submit to Plaintiff for approval, a comprehensive protective order concerning discovery requests made of Defendants.  If the parties are unable to agree on the terms of a protective order, Defendants may bring this lack of agreement to the attention of the Court in a letter.

6.   **Plaintiff's request to file a "comprehensive motion to compel."**

Plaintiff describes this in a letter to the Court dated July 26, 2013.  The parties agree that Plaintiff will not file such a motion.  Instead, the parties will seek to reach an agreement on the issues outlined.  If they are unable to do so, they will notify the Court by letter.

8.   **Confidential Information Memo.**

Under a protective order, Defendants must produce the "Confidential Information Memo"  issued in connection with its recent attempt to sell Syncreon.

9.   **Plaintiff's Comprehensive List of Missing Documents**.

In addition to the comprehensive list of missing documents that Plaintiff must prepare in advance of the  deposition of Ms. Van Landschoot, Plaintiff must prepare a comprehensive list of all documents it believes Defendants have failed to produce, or failed to produce in readable form.  Defendants must produce all such documents.

10.   **Additional depositions by Plaintiff**.

Plaintiff has the right to depose a corporate representative from Chrysler, 1 -2 corporate representatives from Defendants, and Mr. Ranganathan.

11.   **Discovery Deadline Extended**.

3

Fact discovery is extended through August, 2013, with the understanding that the corporate representatives from Chrysler and Defendants may not be available until after that date.

12.   **Sale of Syncreon**.

In any deposition of a representative from Defendants, no witness will be required to disclose who the bidders were in the recent, unsuccessful attempt to sell Syncreon, or what the valuation of Syncreon was.  The Court makes this ruling based on Defendants' representation that there was no successful bidder and that the plan to sell Syncreon is off the table.

13.   **Additional Issues**.

The Court also orders the following:

    A.   In light of the above rulings, Defendants' Motion for Protective Order Excluding Discovery Related to Potential Sale of Assets (Doc. 60) is **MOOT**.

    B.   For the remainder of depositions, all counsel must refrain from: lengthy speaking objections; uncivil, demeaning and harassing conduct towards witnesses; and, directing clients not to answer questions unless such answers would violate a privilege.  The Court asks that any violations of this order be brought to its attention for the consideration of sanctions.

    C.   All letters sent to the Court must be filed on the Court's docket.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 5, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 5, 2013.

S/Carol A. Pinegar
Deputy Clerk